IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SYEED BRIGGS | CRIMINAL ACTION<br>NO. 06-715-01<br><br><br>CIVIL ACTION<br>NO. 11-1816 |

DuBOIS, J.                                                                                                          July 8, 2011

# MEMORANDUM

## I. INTRODUCTION

Petitioner Syeed Briggs was convicted in 2007 of one count of conspiracy to commit armed bank robbery (Count I), two counts of armed bank robbery (Counts II and IV), and two counts of aiding and abetting the carrying and use of a firearm during a crime of violence (Counts III and V). On March 25, 2008, Briggs was sentenced by this Court to 384 months and one day of imprisonment. Presently before the Court is Briggs's pro se Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. For the reasons that follow, the motion is denied.

## II. BACKGROUND

The background of this case is set forth in detail in United States v. Briggs, No. 06-715-1, 2008 WL 1745661 (E.D. Pa. Apr. 14, 2008) and United States v. Briggs, 347 F. App'x 750 (3d Cir. 2009). Accordingly, the Court recites only those facts necessary to explain its ruling.

On December 19, 2006, a federal grand jury returned a five-count Indictment against Briggs and two co-conspirators, Markeem Fuller and Alfreddie Postell. The charges arose out of

1

the armed robberies of the American Heritage Federal Credit Union in King of Prussia, Pennsylvania, and the Nova Savings Bank in Plymouth Meeting, Pennsylvania, on September 28, 2006 and October 16, 2006, respectively.

After Fuller and Postell pleaded guilty, Briggs was charged on November 6, 2007 in a Superseding Indictment with conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 (Count I); bank robbery with a dangerous weapon, and aiding and abetting the same, in violation of 18 U.S.C. § 2113(d) and 2 (Counts II and IV); and using and carrying a firearm in furtherance of a crime of violence, and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Counts III and V).

On October 12, 2007, Briggs filed a motion to suppress physical evidence seized from his apartment and car and a motion to suppress inculpatory statements he made to law enforcement officers. The Court held a hearing on the motions on October 29 and 30, 2007. At the conclusion of the hearing, the Court ruled from the Bench and denied Briggs's motions. The Court articulated several reasons for its ruling, and stated that it would supplement its oral ruling with a written opinion in the event Briggs filed a notice of appeal. The case proceeded to a jury trial, and on November 19, 2007, the jury found Briggs guilty on all counts.

On March 25, 2008, the Court imposed a sentence of 384 months and one day imprisonment. Briggs timely filed an appeal, and on April 11, 2008, the Court issued a written Memorandum explaining and supplementing its October 30, 2007 oral ruling denying Briggs's motions to suppress physical evidence and inculpatory statements. See Briggs, 2008 WL 1745661. On October 1, 2009, the United States Court of Appeals for the Third Circuit affirmed Briggs's conviction and sentence. Briggs then filed a petition for rehearing before the Court of

Appeals, which was denied on October 26, 2009. On November 27, 2009, Briggs filed a petition for writ of certiorari with the United States Supreme Court, which was denied on March 29, 2010.

## III. DISCUSSION

Briggs sets forth four claims in his pro se § 2255 motion. Three of those claims (Grounds I, II, and IV) allege ineffective assistance of counsel on the grounds that counsel failed to: (1) raise certain arguments to suppress evidence seized during the search of Briggs's apartment on October 25, 2006; (2) raise certain arguments to suppress statements made by Briggs after his arrest; and (3) introduce at trial letters purportedly written by Briggs's co-conspirators exonerating Briggs of the charged crimes. In his final claim (Ground III), Briggs alleges that the government engaged in prosecutorial misconduct by purportedly withholding exculpatory statements made by one of Briggs's co-conspirators, Bruce Jackson. The Court addresses each of Briggs's claims in turn.

### A. Ineffective Assistance of Counsel

#### 1. Legal Standard

"Strickland v. Washington supplies the standard for addressing a claim of ineffective assistance of counsel." United States v. Smack, 347 F.3d 533, 537 (3d Cir. 2003) (citing Strickland, 466 U.S. 668, 687 (1984)). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686.

This standard requires a two-part inquiry. "First, the defendant must show that counsel's performance was deficient," that is, "that counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. The measure for counsel's performance under the first prong of Strickland is "whether counsel's assistance was reasonable considering all the circumstances" including "prevailing professional norms." Id. at 687-88. "Second, the defendant must show that [counsel's] deficient performance prejudiced the defense." Id. at 687. To establish prejudice, the defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

2. Ground One: Failure to Raise Certain Challenges to Evidence Seized From Briggs's Apartment

On October 24, 2006, United States Magistrate Judge Jacob Hart issued a warrant authorizing the search of Briggs's residence at 243 W. Tulpehocken Street, Apt. B308, Philadelphia, Pennsylvania. The search warrant was issued on the basis of an affidavit submitted by Special Agent Kenneth Vincent of the Federal Bureau of Investigation ("FBI"). Special Agent Vincent's affidavit was based largely upon a statement that Alfreddie Postell, one of Briggs's co-conspirators, made to Special Agent Vincent and other law enforcement officers. According to Special Agent Vincent's affidavit, the statement Postell gave to the officers was "contrary to his own interests" and contained "numerous facts that would not be known to anyone other than investigators and persons who had direct knowledge of the robbery of the Nova Savings Bank." (Pet'r's Mem. of Law in Support of § 2255 Mot., Ex. B ¶ 8.) Postell told investigators that he planned and executed the robbery of the Nova Savings Bank with three other people, including Briggs.

On October 25, 2006, Special Agent Vincent and other law enforcement officers executed the search warrant at Briggs's apartment. During the search, law enforcement officers recovered, among other items, $2,751 in cash and three bank straps.[1] After recognizing one of the bank straps as consistent with the straps used by the American Heritage Federal Credit Union, Special Agent Vincent told Briggs he was being detained and read him his Miranda rights. Officers from the Plymouth Township Police Department then transported Briggs to the Plymouth Township police station.

Briggs claims that his trial counsel was ineffective for failing to seek suppression of the evidence recovered from his apartment on three grounds. First, he argues that he was unreasonably restrained during the search of his apartment because there was no warrant for his arrest, no incriminating evidence was in plain view, and no exigent circumstances existed. The Court already rejected this contention at the October 29 and 30, 2007 hearing on Briggs's motions to suppress physical evidence and inculpatory statements. At that hearing, the Court found credible the testimony of Special Agent Vincent, who testified that after securing the premises, he told Briggs that he was free to leave, but that Briggs chose to remain. United States v. Briggs, No. 06-715-1, 2008 WL 1745661, at *13 (E.D. Pa. Apr. 14, 2008). Special Agent Vincent further testified that Briggs was not told that he was "under arrest" until after the

---

[1] Banks typically secure stacks of money with colored "straps." See Trial Tr. 11/14/07 at 92; History of Currency Counting at the Federal Reserve Bank of Philadelphia, Fed. Reserve Bank of Philadelphia, http://www.philadelphiafed.org/education/teachers/resources/history-of-currency-counting/ (last visited July 8, 2011).

discovery of the bank straps. Id. The Court thus concludes that Briggs was not unreasonably restrained during the search of his apartment.[2]

Second, Briggs argues that evidence seized during the search of his apartment should have been suppressed because, although the search warrant was directed to "Agents of the [FBI] and any Authorized Officer of the United States," some of the law enforcement officers participating in the search were not agents of the FBI or other officers of the federal government. (Pet'r's Mem. of Law in Support of § 2255 Mot., Ex. A.) Briggs is wrong. Special Agent Vincent, an agent of the FBI, executed the search warrant with the assistance of other law enforcement officers. That police officers from Plymouth Township were present to assist the FBI does not render the search unlawful. See 18 U.S.C.A. § 3105; United States v. Martinson, 811 F. Supp. 1097, 1103 (E.D. Pa. 1993) ("State officers may assist federal officers in the execution of search warrants.")

Third, Briggs contends that the representations made in the affidavit supporting the search warrant were false. The Court already considered and rejected this contention at the hearing on Briggs's motions to suppress. Specifically, the Court found that there was "absolutely no evidence that Special Agent Vincent included anything in the affidavit or omitted anything from the affidavit with reckless disregard for the truth." Briggs, 2008 WL 1745661, at *7 (citing Franks v. Delaware, 438 U.S. 154 (1978)).[3] The Court went on to find that the search

---

[2] The government rightly points out that the search of Briggs's apartment was not conducted as a result of his arrest, but rather was conducted pursuant to the search warrant issued by Magistrate Judge Hart. Thus, even if Briggs were unlawfully restrained during the search, evidence seized from the apartment would have been lawfully acquired as a product of the search warrant.

[3] Franks v. Delaware "requires suppression of evidence obtained pursuant to a warrant issued on the basis of a false statement that was both material to the finding of probable cause

warrant was supported by probable cause. Id. at *8. On appeal, the Third Circuit likewise rejected Briggs's argument, noting that "Briggs failed to uncover any evidence of misrepresentations," and that the search warrant was supported by probable cause. United States v. Briggs, 347 F. App'x 750, 753 (3d Cir. 2009).

Briggs has, for the first time, submitted affidavits by three individuals—Natifa Johnson, Cheryl Nixon, and Nakeem Briggs—which assert that various statements made in Special Agent Vincent's affidavit were false. None of these three affidavits, however, state or imply that the statements in Special Agent Vincent's affidavit were made with reckless disregard for the truth, and none of the three affidavits addresses the issues material to the Court's finding of probable cause for the issuance of the search warrant—namely, Postell's detailed account of the robbery of the Nova Savings Bank and certain material facts that investigating agents were able to verify, such as Briggs's ownership of the vehicle Postell identified as the getaway car for the robbery. See Briggs, 2008 WL 1745661, at *12. Moreover, as the Court has already found, "even if [Special Agent Vincent's affidavit] did not establish probable cause, . . . the reliance placed on the warrants by the law enforcement agents executing the search was objectively reasonable," thus saving the evidence seized during the search from exclusion. Id. (citing United States v. Leon, 468 U.S. 897 (1984)).

Because the Court concludes that Briggs's challenges to the evidence seized from his apartment either were already raised by trial counsel and rejected by the Court or are meritless, his claim of ineffective assistance of counsel for failure to raise those challenges must fail. See

---

and made either knowingly and intentionally or with reckless disregard for the truth." United States v. Brown, 631 F.3d 638, 641-42 (3d Cir. 2011) (citing Franks, 438 U.S. at 155-56).

7

United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999) ("There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument.").

        3.      Ground Two: Failure to Seek Suppression of Statements Made by Briggs After His Arrest on the Ground That the Plymouth Township Police Officers Acted Outside Their Jurisdiction

After Briggs arrived at the Plymouth Township police station—and after Plymouth Township police officers repeatedly advised him of his constitutional rights—Briggs gave two detailed statements describing his role in planning and executing the robberies of the American Heritage Federal Credit Union and the Nova Savings Bank. Briggs now argues that his trial counsel was ineffective because he failed to seek suppression of these statements on the ground that the Plymouth Township police officers were without authority to arrest Briggs in Philadelphia, a municipality outside their jurisdiction. Briggs's argument fails.

Briggs's arrest by Plymouth Township police officers did not run afoul of either state or federal law. First, as discussed supra, the Plymouth Township police officers assisted the FBI in its search of Briggs's apartment. After the law enforcement officers' discovery of the bank straps, Briggs was arrested and initially charged with violating the laws of the Commonwealth of Pennsylvania. Under Pennsylvania law, any municipal police officer may act outside the territorial limits of his primary jurisdiction to enforce the laws of the Commonwealth "[w]here the officer has been requested to aid or assist any local, State or Federal law enforcement officer . . . or otherwise has probable cause to believe that the other officer is in need of aid or assistance." 42 Pa. C.S.A. § 8953(a)(3). Second, there is no constitutional right not to be arrested outside a police officer's jurisdiction. Winslow v. Borough of Malvern Pennsylvania, No. 08-1890, 2009 WL 4609590, at *7 (E.D. Pa. Dec. 7, 2009). Moreover, even if the Plymouth Township officers' arrest of Briggs outside their area of primary jurisdiction were a violation of

8

state law—which it is not—such a violation would not, by itself, constitute a violation of the Fourth Amendment. See Virginia v. Moore, 553 U.S. 164 (2008). Thus, Briggs's contention that his trial counsel was ineffective for failure to challenge the Plymouth Township officers' authority to arrest him fails as a matter of law. See Sanders, 165 F.3d at 253 (failure to pursue or raise a meritless claim does not constitute ineffective assistance of counsel).

    4.  Ground Four: Failure to Introduce Allegedly Exculpatory Letters Written by Briggs's Co-Conspirators

Briggs next argues that his counsel was ineffective for failing to use at trial three letters purportedly written by his co-conspirators—Bruce Jackson, Markeem Fuller, and Alfreddie Postell—in which they each allegedly proclaim Briggs's innocence and lack of connection to the robberies. Briggs already raised the issue of Fuller's letter at a hearing before the Court on March 3, 2008. At that hearing, the Court concluded that Briggs had produced no evidence to demonstrate the existence of any such letter, or that his trial counsel had received such a letter. Briggs now claims that Jackson and Postell wrote similar letters, and that his trial counsel was ineffective for failing to introduce those letters at trial. The record, however, is devoid of any evidence demonstrating the existence of any of these letters.

After his conviction but before sentencing, Briggs alleged that his trial counsel, William Cannon, lost a letter written by Fuller which stated that Briggs was innocent. (Hr'g Tr. 3/3/08 at 7-8.) Briggs claimed that he came into possession of the letter while in the custody of state law enforcement authorities, and that after federal charges were brought against him, he gave the letter to his appointed counsel, Kai Scott. (Id. at 9.) Briggs testified that Scott then gave the letter to his second attorney, Nialena Caravasos, who then gave the letter to Cannon. (Id. at 9-10.) At the hearing, the Court found no evidence that such a letter ever existed, and found

9

credible the testimony of Cannon, who stated that he had never received any letter from Caravasos—nor had any dealings with her whatsoever—and that he had never seen the purported letter from Fuller. (Id. at 10-12, 23.)

Briggs now asserts that Postell and Jackson also wrote similar letters, which likewise were handed over to Scott, Caravasos, and then to Cannon. Briggs alleges that Cannon agreed to use the letters at trial, but that on the eve of trial, Cannon informed him that he could not find the letters. Briggs claims that he has "found the envelopes bearing the return addresses of the three (3) alleged co-conspirators." (Pet'r's Mem. of Law in Support of § 2255 Mot. at 24.) Briggs has not attached copies of any of these envelopes to his § 2255 Motion, and even if they had been attached to his motion, they would not have established the existence of the three allegedly exculpatory letters or that Cannon had ever seen or possessed them.

Given that Briggs's allegation that Cannon lost letters written by Briggs's co-conspirators is completely unsupported by the record or by evidence offered by Briggs, the Court concludes that his claim of ineffective assistance of counsel must fail. See Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 (3d Cir. 1991) (holding that § 2255 petitioner could not meet his burden of proving ineffective assistance of counsel "based on vague and conclusory allegations"); Barkauskas v. Lane, 946 F.2d 1292, 1295 (7th Cir. 1991) (claim of ineffective assistance of counsel must be supported by "evidence, not mere conclusory allegations, that counsel overlooked exculpatory testimony"); cf. Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987) ("[B]ald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing [on a § 2255 motion]. . . .")

### B. Prosecutorial Misconduct

#### 1. Legal Standard

Under Brady v. Maryland, "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." 373 U.S. 83, 87 (1963). The materiality of evidence is judged according to its effect on the outcome of the trial. The Supreme Court has stated that "[e]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome." United States v. Bagley, 473 U.S. 667, 682 (1985); see also Pennsylvania v. Ritchie, 480 U.S. 39, 57 (1987).

Where a defendant suspects that the government has withheld Brady evidence, he may move the court for an in camera inspection of the materials in question. See Ritchie, 480 U.S. at 60; United States v. Dent, 149 F.3d 180, 191 (3d Cir. 1998). To obtain an in camera inspection, the defendant "must at least make a 'plausible showing' that the inspection will reveal material evidence." Riley v. Taylor, 277 F.3d 261, 301 (3d Cir. 2001). Under this standard, "[m]ere speculation is not enough." Id. at 301.

#### 2. Analysis

Briggs argues that the government withheld from the defense statements by Bruce Jackson, one of Briggs's co-conspirators, that Briggs was innocent of all charges. The government responds that it never possessed, nor had knowledge of such statements.

Briggs has not provided any details regarding Jackson's purportedly exculpatory statements. He has not identified, for example, the "investigators" to whom Jackson made the

statements, the specifics of what Jackson said, or when the statements were made. Under these circumstances, the Court concludes that Briggs's allegation amounts to "mere speculation" and that he has not made a "plausible showing" of the existence of these statements.[4] Thus, his claim that the government committed a Brady violation must fail.

## IV. EVIDENTIARY HEARING

A court must hold an evidentiary hearing on a motion under 28 U.S.C. § 2255 "unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." United States v. Lilly, 536 F.3d 190, 195 (3d Cir. 2008) (citations omitted). "[B]ald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing . . . ." Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987). For the reasons discussed above, the Court concludes that the motion and files and records of the case show conclusively that Briggs is not entitled to relief under 28 U.S.C. § 2255. Accordingly, the Court will not hold an evidentiary hearing.

## V. CERTIFICATE OF APPEALABILITY

In the Third Circuit, a certificate of appealability is granted only if the petitioner makes: "(1) a credible showing that the district court's procedural ruling was incorrect; and (2) a substantial showing that the underlying habeas petition [or motion] alleges a deprivation of constitutional rights." Morris v. Horn, 187 F.3d 333, 340 (3d Cir. 1999); see also 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a

---

[4] The Court need not address the question whether, even assuming Jackson did make exculpatory statements to law enforcement officers, the evidence was "material" under Brady. The Court notes, however, that the evidence of Briggs's guilt introduced at trial—including his confession and the bank straps—was overwhelming.

substantial showing of the denial of a constitutional right."). The Court concludes that Briggs has not made such a showing. Thus, the Court will not issue of certificate of appealability.

## VI. CONCLUSION

For the foregoing reasons, Briggs's motion for relief under 28 U.S.C. § 2255 is denied. An appropriate order follows.